**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

WILFREDO POLANCO,

                              Plaintiff,

            v.                                                    No. 05-CV-651
                                                                        (LEK/DRH)

JOHN W. BURGE, Superintendent; DR.
PANG KOOI, Director of Health Care Hospital;
P.A. GRACAEFO; C. GUMMERSON, Captain;
ROBERT K. WOOD; ANTHONY BOUCAUD;
M.B. TIRONE; and GLENN GOORD,

                              Defendants.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

WILFREDO POLANCO
No. 88-A-4853
Plaintiff Pro Se
Wende Correctional Facility
Post Office Box 1187
Alden, New York 14004-1187

HON. ELIOT SPITZER                              DOUGLAS J. GOGLIA, ESQ.
New York State Attorney General            Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Wilfredo Polanco ("Polanco"), an inmate in the custody of the New York

State Department of Correctional Services ("DOCS"), brings this action pursuant to 42

U.S.C. § 1983 alleging that defendants, eight DOCS employees, violated his constitutional

_____

    [1]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

rights under the First, Eighth, and Fourteenth Amendments.  Compl. (Docket No. 1).

Presently pending is defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(g).

Docket No. 16.  Also pending are miscellaneous motions by Polanco.  Docket Nos. 19

(motion to amend), 28 (motion for a preliminary injunction), 38 (motion for a transfer to

another facility).  Polanco opposes the motion.  Docket No. 22.  For the following reasons, it

is recommended that defendants' motion to dismiss be granted and it is ordered and

recommended that Polanco's motions be denied.


## I.  Background

Polanco is familiar with the litigation process, having filed seventeen federal actions in

New York district courts, five in this district alone.  See U.S. Party/Case Index (visited Feb.

6, 2006) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.  Polanco's lawsuits all appear

to relate, in one fashion or another, to his incarceration in DOCS facilities at various times

since 1991.  The instant complaint contains three causes of action and various other

allegations.  Among the allegations contained in the complaint are: (1) denial of a high

calorie diet that resulted in Polanco's serious weight loss;[2] (2) cruel and unusual

punishment; (3) exposure to a dangerous black mold; and (4) denial of equal protection.


## II. Defendants' Motion to Dismiss

Defendants seek dismissal of the complaint under 28 U.S.C. § 1915(g), which bars

---

[2] Polanco previously filed a similar claim but was unsuccessful.  See Polanco v. Dworzack, 25 F. Supp. 2d 148, 149 (W.D.N.Y. 1998) (alleging that "defendants refused to provide him with a high-calorie, high-protein, dietary supplement, and that as a result, he lost weight and experienced a drop in his 'T-cell count.'").

prisoners from proceeding in forma pauperis ("IFP") after three or more previous claims have been dismissed as frivolous, malicious, or for failing to state a claim. This "three strikes" provision contains a narrow exception which permits suits, notwithstanding prior dismissals, when the prisoner is "under imminent danger of serious physical injury." Id.[3] Here, the Second Circuit found that of the ten appeals filed by Polanco since 1987, at least five have previously been dismissed as frivolous and "none of them were meritorious." Polanco v. Selsky, 142 Fed. Appx. 538, 539 n.1 (2d Cir. 2005). Thus, Polanco has had at least three cases previously dismissed as frivolous or failing to state a claim.

Polanco contends that § 1915(g) does not apply to him because he has alleged adequate threat of injury. However, the imminent danger exception applies only to impending harms at the time a plaintiff files the complaint and not to those harms which already occurred. Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002). A review of Polanco's complaint shows that he was not facing imminent danger at the time he filed his complaint. Nor is dismissal here precluded by the fact that Polanco has already been granted IFP status in this action. Docket Nos. 4-5. When a court becomes aware of three prior strikes only after granting IFP status, it is appropriate to revoke that status and bar the complaint under § 1915(g). McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

It is recommended, therefore, that the order granting IFP status to Polanco be vacated and that Polanco's complaint be dismissed unless Polanco pays the filing fee of $250.00

---

[3] The three strikes provision was adopted as part of the Prison Litigation Reform Act ("PLRA") which had as its principal purpose deterring frivolous prisoner litigation. Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

3

within thirty (30) days of the entry of a final order by the district court.

### III. Polanco's Motions

Polanco moves to amend the complaint, for a preliminary injunction, and for an order that he be transferred to another facility.  In light of the recommendation herein that the complaint be conditionally dismissed, it is ordered that the motion to amend and the motion for a transfer to another institution be denied without prejudice to renewal if the filing fee is paid or if the district court denies defendants' motion to dismiss, and it is recommended that the motion for a preliminary injunction also be denied without prejudice to renewal if the filing fee is paid or if the district court denies defendants' motion to dismiss.

### IV.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that:

1. The order granting Polanco IFP status (Docket No. 4) be **VACATED**;

2. Defendants' motion to dismiss (Docket No. 16) be **GRANTED** as to all defendants and all claims unless Polanco pays the filing fee of $250.00 within thirty (30) days of the entry of a final order by the district court; and

3. Polanco's motion for a preliminary injunction (Docket No. 28) be **DENIED** without prejudice to renewal if the filing fee is paid or if the district court denies defendants' motion to dismiss; and

4

**IT IS ORDERED** that Polanco's motion to amend the complaint (Docket No. 19) and his motion for transfer to another facility (Docket No. 38) each be **DENIED** without prejudice to renewal if the filing fee is paid or if the district court denies defendants' motion to dismiss.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  May 12, 2006
         Albany, New York

David R. Homer

United States Magistrate Judge